No. 3594

Second Circuit

KNIGHTON v. WINLOCK ET AL.

(November 18, 1929. Opinion and Decree.)
(December 31, 1929. Rehearing Refused.)

Kennon & Kitchens, of · Minden, attorneys for plaintiff, appellee.

Bertram F. Barnette, of Arcadia, attorney for defendants, appellants.

WEBB, J. This action was instituted on August 8, 1928, to recover compensation for disability alleged to have been sustained by plaintiff while engaged in his employment with defendant on April 24, 1928.

Plaintiff alleged at the time of the accident he had sustained serious and permanent injuries to his side and ribs, and to the bones and vertebrae in the sacro-iliac region, causing a sprain, which had permanently totally disabled him to do work of any reasonable character, and he prayed for judgment for weekly compensation at the rate of 65 per cent of the weekly wages alleged to have been received by him at the time of the accident, for a period of 400 weeks, and for further judgment of $250 medical expenses, and defendant, in answer, while denying that plaintiff had sustained any permanent injury, admitted that plaintiff had sustained minor injuries on the date alleged from which he had fully recovered, and that he had been paid full compensation for the disability resulting from the accident, and denied liability for further compensation.

The cause was tried on November 28, 1928, but was not submitted until March 25. 1929, when the court rendered judgment in favor of plaintiff for $250, rejecting his demands for total disability, and dismissing the demand for partial disability.

Prior to the decree being signed plaintiff moved to reopen the cause and in the alternative for a new trial in order to introduce further evidence to enable the court to fix the rate and period of compensation for partial disability, which motion was overruled, and the judgment signed, and defendant appeals, and plaintiff has answered the appeal, praying that the judgment be amended and that he have judgment as originally demanded.

The evidence establishes that on April 24, 1928, plaintiff attempted to lower an attachment, "self cleaner," of a gin-stand, and that the weight of the attachment,

which the evidence indicates was above 500 pounds, came against his shoulder, bearing him against the gin-stand, causing painful injuries which disabled him and from which he was confined to his bed for one day, and remained at home for three or four days, when he returned to work for defendant at an ice plant operated by the latter, where plaintiff remained at work until about July 15, 1928, when, he states, his back pained him so much that he was forced to quit; however, in September, 1928, plaintiff began working at a cotton compress plant, where he was working at the time of the trial, and the evidence establishes that defendant paid plaintiff the full amount of wages while he was confined to his home, and thereafter until plaintiff left his employment, and that plaintiff's wages while working at the compress plant were the same as had been paid him by defendant after the accident, which was slightly in excess of the wages earned by plaintiff prior to the accident.

Immediately following the accident plaintiff was attended by a physician to whom he complained of pain in his shoulders and chest, who treated him during the period plaintiff was confined to his home, and until about June 10, 1928, when he discontinued his services, although at that time plaintiff complained of pain in the lower region of his back, and for which he was treated by other physicians, who concluded from plaintiff's statement of the region in which he suffered with pain, that he had a sacro-iliac subluxation or sprain of the sacro-iliac joint, for which he was given electrical treatment and advised to wear a supporting belt, neither of which, however, appears to have relieved plaintiff of the pain and stiffness in his back of which he complained when he was discharged by the physician who treated him until about June 10th.

There was a conflict of opinion between the physicians as to whether or not the accident on April 24th would have caused a "sacro-iliac subluxation," and the weight of the opinions of the experts was that it would not, and the evidence is conclusive that plaintiff did not complain of any pain in that region when he was treated by the physician immediately after the accident, and if the cause of the pain and disability complained of by plaintiff is attributable to a sacro-iliac subluxation, we do not think the evidence establishes that such injury was sustained at the time of the accident, and if we accept the theory on which plaintiff based his action, that is, that the pain and disability was due to a sacro-iliac subluxation, plaintiff failed to prove his case.

While there cannot be any question that the weight of the opinions of the experts is that plaintiff did not sustain a "sacro-iliac subluxation" at the time of the accident, the evidence as to whether he had such injury at any time is not certain.

There were not any objective symptoms of such condition observable to the eye of the physicians, and the diagnosis was based upon the statement of the plaintiff relative to the region in which he suffered pain, and that he was unable to stoop and bend his back or do manual labor in which the muscles of the back would be brought into play, and his statement of the nature of the injury, all of the factors being dependent upon whether the statement of plaintiff was correct.

Plaintiff stated on the trial that he had been rendered unconscious by the accident, while the preponderance of the evidence was overwhelmingly to the contrary, and while there is some support of his statement that he was unable to bend his

back or do heavy lifting without pain, in that it was stated by some of his friends that they had not seen him do such work since the accident, and by the evidence of defendant that, when plaintiff returned to work for him after the accident, he was not expected to do heavy lifting, and by the manager of the compress company that plaintiff had accepted employment with the understanding that he would not be called upon to do heavy work, on the other hand it is admitted that plaintiff had been employed by the defendant as engineer at an ice plant before the accident, and that after the accident he was employed in the same capacity, and the evidence shows that he had similar employment with the compress company, and that in both services he performed manual labor, receiving higher wages than before the accident, and that there was not any reduction due to inability to perform the services incident to his employment.

Viewed in the most favorable light to the plaintiff the record shows that he experienced at times some pain in his back which he did not experience before the accident which had not affected his health or prevented him from undertaking the same employment as before the accident at the same or a higher rate of wages, which was not less than the wages usually paid in such employment.

The record shows that plaintiff was paid full wages for the period that he was disabled, and that the fee of the physician who attended him after the accident was paid by the defendant.

It is therefore ordered that the judgment appealed from be avoided and reversed and that plaintiff's demands be rejected at his cost.